1  **BRYAN CAVE LLP**
Daniel Rockey, California Bar No. 178604
2  Goli Mahdavi, California Bar No. 245705
David A. Owens, California Bar No. 273179
3  560 Mission Street, 25th Floor
San Francisco, CA 94105
4  Telephone:   (415) 675-3400
Facsimile:    (415) 675-3434
5  Email:        daniel.rockey@bryancave.com
                goli.mahdavi@bryancave.com
6                owensd2@bryancave.com

7  Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., for itself and as successor by merger to Chase Home
8  Finance, LLC; CALIFORNIA RECONVEYANCE COMPANY

9               **UNITED STATES DISTRICT COURT**

10          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11                  **SACRAMENTO BRANCH**

12

| | |
|---|---|
| 13  Jeffrey Lanini and Krista Lanini | Case No.: 2:13-cv-00027-KJM-JFM |
| 14          PLAINTIFF(S), | **NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| 15          v. | |
| 16  JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, CALIFORNIA | [Concurrently filed with Request for Judicial Notice and Proposed Order] |
| 17  RECONVEYANCE COMPANY, A CALIFORNIA CORPORATION; CHASE | Judge: Honorable Kimberly J. Mueller |
| 18  HOME FINANCE, LLC; CHASE FULFILLMENT SERVICES, FEDERAL | Date:   June 7, 2013 |
| 19  DEPOSIT INSURANCE CORPORATION, A FEDERAL CORPORATION, AS | Time:   10:00 am Dept:   Courtroom 3, 15th Floor |
| 20  RECEIVER FOR WASHINGTON MUTUAL BANK | |
| 21          DEFENDANTS. | Date Action Filed: January 5, 2013 Trial Date:       Not Assigned |

22

23

24

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

133854.3

1   **TO PLAINTIFF, ALL PARTIES, AND THE CLERK OF THE ABOVE-ENTITLED**

2   **COURT:**

3       **PLEASE TAKE NOTICE** that on June 7, 2013, or as soon thereafter as the matter may

4   be heard, in Courtroom 3 on the 15th Floor of the above-entitled Court, located at the United States

5   District Court for the Eastern District of California, 501 Street, Suite #4200, Sacramento,

6   California 95814, Defendants JPMorgan Chase Bank, N.A., for itself and as successor by merger

7   to Chase Home Finance, LLC and California Reconveyance Company ("Defendants") will and

8   hereby do move this Court to dismiss the Complaint of Jeffrey Lanini and Krista Lanini

9   ("Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

10      This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

11  Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers

12  on file in this action, and such other and further matters as the Court may consider.

13

14  Dated: May 2, 2013

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
Daniel T. Rockey
Goli Mahdavi
David A. Owens


By: /s/ David A. Owens
        David A. Owens
Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., for itself and as
successor by merger to Chase Home Finance, LLC,
and CALIFORNIA RECONVEYANCE COMPANY

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

133854.3

1

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................................... 1

II.  FACTUAL BACKGROUND ................................................................................... 1

III.  LEGAL STANDARD .............................................................................................. 2

IV.  PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED..................................... 3

    A.  Plaintiffs' Complaint Should Be Dismissed For Lack Of Complete Diversity ....................................................................................................... 3

    B.  Plaintiffs' Holder In Due Course Argument Fails ..................................... 4

    C.  Securitization Does Not Nullify Defendants' Right To Foreclose ........... 4

    D.  Defendants Were Not Required To Modify Plaintiffs' Loan.................... 5

    E.  Plaintiffs' First Cause Of Action For Violation Of The One Action Rule Fails ...................................................................................................... 6

    F.  Plaintiffs' Second Cause Of Action For Breach Of Contract Fails......... 7

    G.  Plaintiffs' Third Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fails ..................................... 8

    H.  Plaintiffs' Fourth Cause Of Action For Negligence Fails........................ 8

    I.  Plaintiffs' Fraud Claims Fails .................................................................. 10

    J.  Plaintiffs' Sixth Cause Of Action For Slander Of Title Claim Fails ..... 11

    K.  Plaintiffs' Eighth Cause Of Action For Violation Of The Rosenthal Fair Debt Collection Practices Act And The Federal Fair Debt Collection Practices Act  Fails .............................................................. 12

    L.  Plaintiffs' Tenth Cause Of Action For Violation Of California Business And  Professions Code Section 17200 *et seq.* Fails ............................... 14

        1.  Plaintiffs Lack Standing To Assert A UCL Claim................................... 14

        2.  Plaintiffs Do Not Allege Facts With Reasonable Particularity ............... 14

    M.  Plaintiffs' Eleventh Cause Of Action For Injunctive Relief Fails ......... 16

    N.  Plaintiffs' Twelfth Cause Of Action For Accounting Fails .................... 17

V.  CONCLUSION ....................................................................................................... 17

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Agosta v. Astor,*
120 Cal. App. 4th 596 (2004) ............................................................................... 7

*Anaya v. Advisors Lending Group,*
2009 WL 2422037 (E.D. Cal. Aug. 5, 2009)........................................................ 4

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009)........................................................................................... 2

*Batt v. City and County of San Francisco,*
155 Cal. App. 4th 65 (2007) ................................................................................. 13

*Bell Atl. Corp. v. Twombly,*
127 S. Ct. 1955 (2007)........................................................................................... 2

*Bentley v. Mountain,*
51 Cal. App. 2d 95 (1942) ..................................................................................... 6

*Berryman v. Merit Prop. Mgmt., Inc.,*
152 Cal. App. 4th 1544 (2007).............................................................................. 12

*Busch v. Globe Indus.,*
200 Cal. App. 2d 315 (1962) ................................................................................. 4

*Carpenter v. Longan,*
83 U.S. 271 (1873).................................................................................................. 4

*Castaneda v. Saxon Mortg. Servs., Inc.,*
687 F. Supp. 2d 1191 (E.D. Cal. 2009) ................................................................ 10

*Charnay v. Cobert,*
145 Cal. App. 4th 170 (2006) ............................................................................... 8

*Conroy v. Regents of Univ. of Cal.,*
45 Cal. 4th 1244 (2009)......................................................................................... 8

*Debrunner v. Deutsche Nat. Bank Trust Co.,*
204 Cal. App. 4th 433 (2012) ............................................................................... 3

*Duggall v. G.E. Capital Comm. Servs., Inc.,*
81 Ca;/ App. 4th 81 (2000)..................................................................................... 13

*Exxon Mobil Corp. v. Allapattah Servs., Inc.,*
545 U.S. 546 (2005)................................................................................................ 3

*Gomes v. Countrywide Home Loans,*
192 Cal. App. 4th 1149 (2011) ............................................................................. 3

*Gutierrez v. Wells Fargo Bank,*
2009 WL 322915 (N.D. Cal. Feb. 9, 2009) ......................................................... 11

*Haas v. Palace Hotel Company of San Francisco,*
101 Cal. App. 2d. 108 (1951) ............................................................................... 5

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
652 F. Supp. 2d 1039 (N.D. Cal. 2009)................................................................ 3, 4

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ....................................................................................... 13

*Izenberg v. ETS Svcs., LLC*,
   589 F. Supp. 2d 1191 (E.D. Cal. 2009) ............................................................. 10

*Johnson v. Riverside Healthcare Sys., LP*,
   534 F.3d 1116 (9th Cir. 2008) ............................................................................. 2

*Kachlon v. Markowitz*,
   168 Cal. App. 4th 316 (2008) ............................................................................. 10

*Kanter v. Warner-Lambert*,
   265 F. 3d 853 (9th Cir. 2011) .............................................................................. 3

*Keen v. Am. Home Mortg. Serv. Inc.*,
   664 F. Supp. 2d 1086 (E.D. Cal. 2009) ............................................................. 11

*Khuory v. Maly's of California, Inc.*,
   14 Cal. App. 4th 612 (1993) ............................................................................... 12

*Krantz v. BT Visual Images*,
   89 Cal. App. 4th 164 (2001) ............................................................................... 12

*Lai v. Quality Loan Serv. Corp.*,
   2010 WL 3419179 (C.D. Cal. Aug. 26, 2010) ................................................... 11

*Lal v. Am. Home Serv. Inc.*,
   680 F. Supp. 2d 1218 (E.D. Cal. 2010) ............................................................. 11

*Lane v. Vitek Real Estate Indus. Group*,
   713 F. Supp. 2d 1092 (E.D. Cal. 2010) ............................................................... 4

*Levy v. State Farm Mut. Auto Ins. Co.*,
   150 Cal. App. 4th 1 (2007) .................................................................................. 6

*Lingad v. IndyMac Fed. Bank*,
   682 F. Supp. 2d 1142 (E.D. Cal. 2010) ............................................................... 7

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*,
   173 Cal. App. 4th 1040 (2009) ............................................................................ 9

*Marlin v. AIMCO Venezia, LLC*,
   154 Cal. App. 4th 154 (2007) ............................................................................. 13

*Moeller v. Lien*,
   25 Cal. App. 4th 822 (1994) ................................................................................ 3

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ............................................................................... 2

*Nool v. HomeQ Serv.*,
   652 F. Supp. 2d 1047 (E.D. Cal. 2009) ............................................................. 11

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
   231 Cal. App. 3d 1089 (1991) ............................................................................. 7

*O'Connell v. Sup. Ct.*,
   141 Cal. App. 4th 1452 (2006) ........................................................................... 13

*Oakland Raiders v. Oakland-Alameda Co. Coliseum*,
   144 Cal. App. 4th 1175 (2006) ............................................................................ 8

*Oaks Management Corp. v. Sup. Ct.*,
   145 Cal. App. 4th 453 (2006) .............................................................................. 7

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Pantoja v. Countrywide Home Loans, Inc.*,
  640 F. Supp. 2d 1177 (N.D. Cal. 2009) .................................................................... 4

*Pasadena Live v. City of Pasadena*,
  114 Cal. App. 4th 1089 (2004) ................................................................................ 7

*Perlas v. GMAC Mortg.*,
  187 Cal. App. 4th 429 (2010) .................................................................................. 7

*Peterson v. Celleco P'Ship*,
  164 Cal. App. 4th 1582 (2008) .............................................................................. 11

*Poway Royal Mobilehome Owners Assn. v. City of Poway*,
  149 Cal. App. 4th 1460 (2007) ................................................................................ 7

*Residential Capital v. Cal. W. Reconveyance Corp.*,
  108 Cal. App. 4th 807 (2003) .................................................................................. 3

*Ricon v. Recontrust Co.*,
  2009 WL 2407396 (S.D. Cal. Aug. 4, 2009) ........................................................ 11

*Rosal v. First Fed. Bank of Cal.*,
  2009 WL 2136777 (N.D.Cal. July 15, 2009) ....................................................... 11

*Sanborn v. Chronicle Pub. Co.*,
  18 Cal. 3d 406 (1976) ........................................................................................... 10

*Schnall v. Hertz Corp.*,
  78 Cal. App. 4th 1144 (2000) ................................................................................ 12

*Scripps Clinic v. Sup. Ct.*,
  108 Cal. App. 4th 917 (2003) ................................................................................ 12

*Shamsian v. Atl. Richfield Co.*,
  107 Cal. App. 4th 967 (2003) ................................................................................ 13

*Shell Oil Co.v. Richter*,
  52 Cal. App. 2d 164 (1942) ................................................................................... 13

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ...................................................................................... 9

*Vasquez v. L.A. County*,
  487 F.3d 1246 (9th Cir. 2007) ................................................................................. 3

*Wagner v. Benson*,
  101 Cal. App. 3d 27 (1980) ..................................................................................... 7

*Wall St. Network, Ltd. v. NY Times Co.*,
  164 Cal. App. 1171 (2008) ...................................................................................... 6

**Statutes**

15 U.S.C. § 1692a ................................................................................................... 10

28 U.S.C. § 1331 ...................................................................................................... 3

28 U.S.C. § 1332 ...................................................................................................... 3

Cal. Bus. & Prof. Code § 17200 ...................................................................... 11, 12

Cal. Bus. & Prof. Code § 17204 ............................................................................ 11

Cal. Civ. Code § 1788.2(b) .................................................................................... 10

Cal. Civ. Code § 2924 .............................................................................................. 4

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Cal. Civ. Code § 2924(d) ........................................................................................... 9

Cal. Civ. Code § 2936 .................................................................................................. 4

Cal. Civ. Code § 47 ...................................................................................................... 9

Cal. Civ. Proc. Code § 526(a) ................................................................................... 13

Cal. Civ. Proc. Code § 726 .......................................................................................... 5

**Other Authorities**

5 Witkin, Cal. Proc. (5th ed. 2008), Pleading § 818 at p. 236 ...................................... 13

California Mortgages, Deeds of Trust, and Foreclosure Litigation 22 (4th ed. 2009)...................... 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 2

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I.      **INTRODUCTION**

Plaintiffs bring this Action to challenge the foreclosure proceedings for the property located at 8770 Brockway Vista Avenue, Kings Beach, California ("Subject Property").  The crux of Plaintiffs' Complaint is that Defendants recommended that they apply for a loan modification through the Home Affordable Modification Program ("HAMP") even though the Subject Property was not eligible under HAMP guidelines.  Around these allegations, Plaintiffs assert the following causes of action: (1) violation of the one action rule, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) negligence, (5) fraud, (6) slander of title, (7) negligent misrepresentation, (8) violation of the Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act, (9) injunctive relief, (10) violation of California Business and Professions Code Section 17200 *et seq.*, and (11) accounting.

Plaintiffs' Complaint fails for the following reasons:

- The Court lacks diversity matter jurisdiction;
- Defendants do not have a duty to modify Plaintiffs' Loan;
- Defendants do not need to possess the original note to initiate non-judicial foreclosure proceedings; and
- Plaintiffs do not allege sufficient facts to maintain any cause of action against Defendants.

For the reasons set forth below, Defendants respectfully request that Plaintiffs' Complaint be dismissed without leave to amend.

II.     **FACTUAL BACKGROUND**

On or around July 10, 2007, Plaintiffs entered into a loan transaction with Washington Mutual Bank, F.A. ("WaMu") in the amount of $1,169,000.00 (the "Loan").  The Loan is secured by a deed of trust on the property located at 8770 Brockway Vista Avenue, Kings Beach, California. (Compl., Exh. A ("Deed of Trust")).

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as the receiver.  On the same date, JPMorgan Chase Bank, N.A. ("Chase") entered into a Purchase and Assumption Agreement with the FDIC.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   (Request for Judicial Notice "RJN", Exh. A ("P&A")).  Pursuant to the P&A, Chase acquired all

2   right, title, and interest in Plaintiffs' Loan and the Subject Property by which it is secured. (*Id.*)

3        On August 7, 2012, a corporate assignment of deed of trust was recorded, whereby the

4   FDIC, as receiver of WaMu assigned the Deed of Trust to Chase. (Compl., Exh. B ("Assignment

5   of Deed of Trust")).

6        On September 4, 2012, California Reconveyance Company ("CRC") caused to be recorded

7   a notice of default, indicating that Plaintiffs were $69,805.86 in arrears. (RJN, Exh. B ("Notice of

8   Default")).

9        On December 5, 2012, CRC caused to be recorded a notice of trustee's sale, indicating that

10  the unpaid balance on the loan was $1,137,903.79. (RJN, Exh. C ("Notice of Trustee's Sale")).

11       On January 5, 2013, Plaintiffs filed this action in an effort to delay the foreclosure

12  proceedings.

13  **III.   LEGAL STANDARD**

14       Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint.

15  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a

16  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

17  plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.

18  Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also Johnson v. Riverside Healthcare Sys., LP*, 534

19  F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a 'lack of

20  a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal

21  theory.'").  "Threadbare recitals of the elements of a cause of action, supported by mere

22  conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 127 S. Ct. at

23  1959 (Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of

24  action" will not suffice to overcome a motion to dismiss.  (Citations omitted)).  Rather, the

25  "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."

26  *Twombly*, 127 S. Ct. at 1959.  To determine whether a complaint states a plausible claim for relief,

27  the court must rely on its "judicial experience and common sense."  *Id*. at 1950.

28       Further, a court can dismiss claims without granting leave to amend if amending the

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  complaint would be futile.  *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir. 2007)

2  ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did

3  not err in preventing such futility.").

4  **IV.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED**

5      **A.   Plaintiffs' Complaint Should Be Dismissed For Lack Of Complete Diversity**

6      Plaintiffs invoke jurisdiction of this Court pursuant to 28 U.S.C. § 1332. (Compl. ¶ 1).

7  Federal courts have diversity jurisdiction when the matter in controversy exceeds the sum or value

8  of $75,000 and there is complete diversity between the parties at the time the complaint was filed.

9  *Kanter v. Warner-Lambert*, 265 F. 3d 853-857 (9th Cir. 2011).  When there are multiple

10  defendants, such as in this action, "the presence in the action of a single plaintiff from the same

11  State as a single defendant deprives the district court of original diversity jurisdiction over the

12  entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

13      Here, Plaintiffs admit that their domicile is California. (Compl. ¶ 3).  Plaintiffs also allege

14  that California Reconveyance Company is a California corporation. (Compl. ¶ 5).  Thus, by their

15  own admission, complete diversity does not exist between all parties. For this reason alone,

16  Plaintiffs' Complaint should be dismissed.

17      **B.   Plaintiffs' Holder In Due Course Argument Fails**

18      Plaintiffs allege that Defendants lack authority to foreclose because they do not possess the

19  original note.  (Compl. ¶ 15).  In California, non-judicial foreclosure proceedings are exclusively

20  governed by California Civil Code Section 2924 *et seq. Moeller v. Lien*, 25 Cal. App. 4th 822, 834

21  (1994).  Section 2924 does not provide for a judicial action to determine whether the entity

22  initiating the foreclosure process has the legal authority to do so. *Gomes v. Countrywide Home*

23  *Loans*, 192 Cal. App. 4th 1149, 1154-1155 (2011).  Furthermore, it is well settled that Section

24  2924 does not require possession of the original note in order to foreclose. *Hafiz v. Greenpoint*

25  *Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Debrunner v. Deutsche Nat.*

26  *Bank Trust Co.*, 204 Cal. App. 4th 433, 440 (2012); *Residential Capital v. Cal. W. Reconveyance*

27  *Corp.*, 108 Cal. App. 4th 807, 826 (2003).  Thus, Plaintiffs' allegations cannot support any cause

28  of action against Defendants.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**C.     Securitization Does Not Nullify Defendants' Right To Foreclose**

Plaintiffs allege that Defendants lack authority to foreclose because the Loan was securitized. (Compl. ¶ 15).   Yet, Plaintiffs provide no factual support that their Loan was actually securitized.

In any event, it is well settled that the power of sale, which Plaintiffs expressly granted in Deed of Trust, is not nullified when a loan is securitized. *Hafiz*, 652 F. Supp. 2d at 1043; *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010).  A secured promissory note traded on the secondary market remains secured because the mortgage or deed of trust follows the note. Cal. Civ. Code § 2936.  This is not only the law of California, but has long been the law of the United States. *See Carpenter v. Longan*, 83 U.S. 271, 274 (1873) ("The transfer of the note carries with it the security, without any formal assignment of delivery . . .").  To be sure, scholars have noted that in the present market "[m]ortgage transfers are common among institutional lenders, and there is an active secondary market, assisted by the federal government, for the sale and exchange of secured notes." Bernhardt, Roger, *California Mortgages, Deeds of Trust, and Foreclosure Litigation* 22 (4th ed. 2009).  Thus, Plaintiffs' allegations cannot support a cause of action against Defendants.

**D.     Defendants Were Not Required To Modify Plaintiffs' Loan**

Plaintiffs allege that Defendants are required to modify Plaintiffs' Loan because they completed a trial period plan in 2010. (Compl. ¶¶ 32-34).  However, it is well settled that a financial institution does not have a duty, contractual or otherwise, to modify the terms of a borrower's loan. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009) (dismissing a wrongful foreclosure claim because there is not a statutory duty to modify plaintiff's loan); *Anaya v. Advisors Lending Group*, 2009 WL 2422037, at *8 (E.D. Cal. Aug. 5, 2009) (holding that defendant did not have a duty to modify plaintiff's loan). These cases follow the general rule that absent specific terms in a contract requiring modification, there is no duty to modify. *See Busch v. Globe Indus.*, 200 Cal. App. 2d 315, 320 (1962).

Here, Plaintiffs do not cite any term in the Deed of Trust that requires Defendants to modify the terms of the Loan.  Nor do Plaintiffs cite to any language in the alleged trial plan

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   guaranteeing that the terms of their Loan would be modified. Without any such term, Plaintiffs

2   cannot show that Defendants had a duty to modify their Loan.

3   Furthermore, Plaintiffs were required to make all payments under the Loan, regardless of

4   whether they were being reviewed for a loan modification. (Compl. Exh. A ¶ 1).  Thus, any

5   payments that Plaintiffs made under the alleged trial plan were already required under the terms of

6   the Promissory Note and Deed of Trust.

7   For the reasons set forth above, Plaintiffs fail to allege that Defendants had a duty to

8   modify their Loan.  Accordingly, Plaintiffs' allegations cannot support any cause of action against

9   Defendants.

10   **E.      Plaintiffs' First Cause Of Action For Violation Of The One Action Rule Fails**

11   Plaintiffs assert a cause of action for violation of the one action rule pursuant to California

12   Code of Civil Procedure Section 726. (Compl. ¶ 39).  Under Section 726, a creditor has one form

13   of action for recovery of any debt or for enforcement of any right secured by a mortgage on real or

14   personal property.  The purpose of the statute is to prevent a multiplicity of actions and to require

15   a secured creditor to exhaust the security before obtaining a personal judgment against the debtor.

16   *Haas v. Palace Hotel Company of San Francisco*, 101 Cal. App. 2d. 108 (1951).

17   Here, Plaintiffs allege that Defendants violated the statute by failing to return a surplus

18   amount of $6,345.99. (Compl. ¶ 41). As an initial matter, the judicially noticeable documents

19   show that Plaintiffs were $69,805.86 in arrears when the Notice of Default was recorded. (RJN,

20   Exh. B).  As Plaintiffs are in default on the Loan, the purported amount of $6,345.99 cannot be

21   considered a surplus.  For this reason alone, Plaintiffs' claim fails.

22   In any event, Plaintiffs do not allege that Defendants have brought an action to obtain a

23   personal judgment against Plaintiffs. Rather, the judicially noticeable documents show that

24   Defendants have attempted to exhaust the security interest in the Subject Property by initiating

25   non-judicial foreclosure proceedings. (RJN, Exhs. B-C)).  Thus, Plaintiffs' allegations cannot

26   support a claim for violation of the one action rule.

27   For the reasons set forth above, Plaintiffs' First Cause of Action for violation of the one

28   action rule should be dismissed without leave to amend.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**F.      Plaintiffs' Second Cause Of Action For Breach Of Contract Fails**

Plaintiffs allege that Defendants breached the Promissory Note and Deed of Trust by not accurately applying payments to the principal amount and interest due on the Loan. (Compl. ¶¶ 51-53).  For a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff therefrom." *Wall St. Network, Ltd. v. NY Times Co.*, 164 Cal. App. 1171, 1178 (2008). Each element of a breach of contract claim must be pled with specificity. *Levy v. State Farm Mut. Auto Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007).

Here, Plaintiffs do not identify any specific terms of the Promissory Note or Deed of Trust that Defendants breached. Instead, Plaintiffs make a conclusory allegation that Defendants "failed and refused to properly and accurately apply" Loan payments. (Compl. ¶ 53).  Nor do Plaintiffs identify how exactly Defendants misapplied their Loan payments. Without alleging specific facts, a plaintiff cannot maintain a breach of contract claim. *See Bentley v. Mountain*, 51 Cal. App. 2d 95, 98 (1942) (generalized allegations that a defendant violated a contract are insufficient).  For this reason, Plaintiffs' claim fails.

Furthermore, Plaintiffs make a conclusory allegation that they suffered compensatory damages. (Compl. ¶ 54).  Plaintiffs' conclusory allegations cannot support a claim for damages. *Levy*, 150 Cal. App. at 5 (every element for a breach of contract claim must be pled specifically). For this reason, Plaintiffs' claim fails.

Accordingly, Plaintiffs' Second Cause of Action should be dismissed without leave to amend.

**G.      Plaintiffs' Third Cause Of Action For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fails**

Plaintiffs assert a cause of action for breach of the implied covenant of good faith and fair dealing.  Plaintiffs' claim is based on allegations that Defendants offered them a trial plan even though the Subject Property did not qualify under HAMP guidelines.  (Compl. ¶ 59). However, Plaintiffs do not identify any contract provision pursuant to which this claim is being brought.

The implied covenant of good faith and fair dealing is "limited to assuring compliance

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  with the express terms of the contract, and cannot be extended to create obligations not

2  contemplated by the contract." *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094

3  (2004).  Where no express terms exists on which to hinge an implied duty, a claim for breach of

4  the covenant of good faith and fair dealing cannot survive the pleading stage. *Poway Royal*

5  *Mobilehome Owners Assn. v. City of Poway*, 149 Cal. App. 4th 1460, 1477 (2007).

6       Here, Plaintiffs do not provide any factual support that offering a trial plan violates any

7  implied duty in the Deed of Trust.  Nor do Plaintiffs cite to any term of the trial plan which

8  guarantees that their Loan would be modified.  Without any such contractual basis, Plaintiffs

9  cannot maintain their claim. *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004) (holding that the

10  concept of the implied covenant, on its own, cannot impose a duty on a party).  For these reasons,

11  Plaintiffs' claim fails.

12       Accordingly, Plaintiffs' Third Cause of Action for breach of the implied covenant of good

13  faith and fair dealing should be dismissed without leave to amend.

14       **H.    <u>Plaintiffs' Fourth Cause Of Action For Negligence Fails</u>**

15       Plaintiffs assert a cause of action for negligence premised on allegations that Defendants

16  did not adequately maintain loan records. (Compl. ¶¶ 65-66). "[T]o recover on a theory of

17  negligence, Plaintiffs must prove duty, breach, causation, and damages." *Troung v. Nguyen*, 156

18  Cal. App. 4th 865, 875 (2007).  However, Plaintiffs do not allege sufficient facts to maintain a

19  negligence claim.

20       As an initial matter, Plaintiffs do not allege any facts to establish that Defendants owed

21  them a duty of care. The existence of a duty of care owed by a defendant to a plaintiff is a

22  prerequisite to establishing a claim for negligence. *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231

23  Cal. App. 3d 1089, 1095 (1991).  It is well settled that a financial institution, such as Defendants,

24  do not owe a duty of care to borrowers unless a plaintiff alleges facts indicating that a party

25  exceeded the conventional role as a financial institution. *Wagner v. Benson*, 101 Cal. App. 3d 27,

26  35 (1980); *Oaks Management Corp. v. Sup. Ct.*, 145 Cal. App. 4th 453, 466 (2006); *Perlas v.*

27  *GMAC Mortg.*, 187 Cal. App. 4th 429, 436 (2010); *Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d

28  1142, 1149 (E.D. Cal. 2010).  Here, Plaintiffs do not allege any facts to show that Defendants

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   acted outside the scope of their duties as a conventional financial institution. For this reason alone,

2   Plaintiffs' claim fails.

3          Even if Plaintiffs could show that Defendants owed them a duty of care, Plaintiffs do not

4   allege any facts showing a breach of a duty owed.  Instead, Plaintiffs make a conclusory

5   allegations that Defendants breached their duty of care by "failing to properly and accurately

6   credit payments made by Plaintiffs toward the loan." (Compl. ¶ 66).  Yet, Plaintiffs do not provide

7   any specific facts to show exactly how the payments were improperly or inaccurately applied.

8   Without alleging specific facts, Plaintiffs' negligence claim cannot survive demurrer. *Truong*, 156

9   Cal. App. 4th at 875.

10          Furthermore, Plaintiffs do not allege specific facts that Defendants purported actions

11   proximately caused them any pecuniary damage.  Without identifying any item or pecuniary loss

12   or other legally cognizable damage, Plaintiffs' negligence claim cannot survive demurrer. (*Id.*)

13          For these reasons, Plaintiffs, Fourth Cause of Action for negligence should be dismissed

14   without leave to amend.

15   **I.      Plaintiffs' Fraud Claims Fails**

16          Plaintiffs' fifth and seventh causes of action for fraud and negligent misrepresentation are

17   based on the allegation that Defendants proposed that Plaintiffs apply for a loan modification

18   through HAMP even though the Subject Property was not eligible under the program's guidelines.

19   (Compl. ¶¶ 69, 82). However, Plaintiffs do not allege sufficient facts to satisfy the heightened

20   pleading standard for a fraud claim.

21           For a fraud claim, a plaintiff must plead: (1) misrepresentation of material fact, (2) with

22   knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation,

23   (4) justifiable reliance, and (5) resulting damage.  *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th

24   1244, 1254 (2009).  Negligent misrepresentation is a species of fraud. *Oakland Raiders v.*

25   *Oakland-Alameda Co. Coliseum*, 144 Cal. App. 4th 1175, 1184 (2006).  The elements of negligent

26   misrepresentation are similar to fraudulent misrepresentation except for the scienter requirement.

27   *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006).   Additionally, when asserting a fraud

28   claim against a corporate defendant, as in this case, a plaintiff must "allege the names of the

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  person who made the allegedly fraudulent representations, their authority to speak, to whom they

2  spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut.*

3  *Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

4        Here, Plaintiffs allege that they were sent a letter from Defendant Chase recommending

5  that Plaintiffs apply for a loan modification through HAMP. (Compl. ¶ 30). However, Plaintiffs

6  do not allege who made the representation, his or her authority to speak, and what exactly was

7  written. For this reason alone, Plaintiffs' allegations cannot support a fraud claim.

8        Plaintiffs also do not allege any facts to show that they detrimentally relied on any

9  purported misrepresentations made by Defendants. To maintain a fraud claim, Plaintiffs must

10 allege facts showing that their reasonable reliance on a misrepresentation caused them to sustain

11 specific pecuniary damage. *R.D. Reeder Lathing Co. v. Cypress Ins. Co.*, 3 Cal. App. 3d 995, 999

12 (1970); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Here, Plaintiffs do not

13 allege that they took any action, or failed to take any action, as a result of Defendants' conduct.

14       Plaintiffs also fail to identify any specific pecuniary damage that they have suffered as a

15 result of any purported misrepresentations. Rather, any payments that Plaintiffs made under the

16 alleged trial plan were already required under the terms of the Loan. (Compl., Exh. A ¶ 1). For

17 these reasons, Plaintiffs' claims fail.

18       Accordingly, Plaintiffs' Fifth and Seventh Cause of Action should be dismissed without

19 leave to amend.

20    **J.   Plaintiffs' Sixth Cause Of Action For Slander Of Title Claim Fails**

21       Plaintiffs assert a cause of action for slander of title premised on the theory that Defendants

22 lack authority to foreclose. (Compl. ¶¶ 74-76). However, Plaintiffs' claim fails because (1)

23 Plaintiffs fail to allege that Defendants published any false information, (2) Plaintiffs fail to allege

24 actual malice, and (3) Plaintiffs do not allege pecuniary loss.

25       To state a claim for slander of title, a plaintiff must allege: "(1) a publication, (2) which is

26 without privilege or justification, (3) which is false, and (4) which causes direct and immediate

27 pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051

28 (2009). Furthermore, the mailing, publication, and delivery of notices associated with non-judicial

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    foreclosure are deemed to be a privileged communication pursuant to California Civil Code

2    Section 47 . Cal. Civ. Code § 2924(d).  Thus, a plaintiff must also provide factual support that a

3    defendant acted with actual malice. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008).

4        First, Plaintiffs fail to allege that Defendants published any false information. Plaintiffs'

5    claim is based on the theory that Defendants lack authority to foreclose. (Compl. ¶¶ 74-76).  As set

6    forth above, these allegations are without merit and cannot support a slander of title claim. (*See*

7    *supra* (IV)(C-D)).

8        Second, Plaintiffs do not allege any facts that Defendants acted with actual malice.  For

9    actual malice, a plaintiff must allege "that the publication was motivated by hatred or ill will

10   towards the plaintiff or by showing that the defendant lacked reasonable grounds for belief in the

11   truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." (*Id.*

12   (quoting *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (1976)).  As Plaintiffs do not provide

13   any factual support that the publication of the foreclosure documents was motivated by hatred or

14   ill will, their slander of title claim cannot survive the pleading stage.

15       Third, Plaintiffs do not allege any facts to show that the alleged conduct has caused them

16   any actual pecuniary loss.  For this reason, Plaintiffs' claim fails.

17       Accordingly, Plaintiffs' Sixth Cause of Action for slander of title should be dismissed

18   without leave to amend.

19   **K.    Plaintiffs' Eighth Cause Of Action For Violation Of The Rosenthal Fair Debt**

20           **Collection Practices Act And The Federal Fair Debt Collection Practices Act**

21           **Fails**

22       Plaintiffs assert a cause of action for violation of California's Rosenthal Fair Debt

23   Collection Practices Act ("RFDCPA") and the Federal Fair Debt Collection Practices Act

24   ("FFDCPA").  Plaintiffs' claim is based on allegations that Defendants improperly collected and

25   processed loan payments. (Compl. ¶ 89). However, neither statute is applicable to Defendants.

26       Plaintiffs do not identify what section of the RFDCPA that Defendants allegedly violated.

27   Regardless, the RFDCPA only applies to consumer debts. Cal. Civ. Code § 1788.2(b).  It is well

28   settled that any debt for a residential loan is not considered a "consumer debt" under the

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  RFDCPA. *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009);

2  *Izenberg v. ETS Svcs., LLC*, 589 F. Supp. 2d 1191, 1199 (E.D. Cal. 2009); *Keen v. Am. Home*

3  *Mortg. Serv. Inc.*, 664 F. Supp. 2d 1086, 1095 (E.D. Cal. 2009); *Rosal v. First Fed. Bank of Cal.*,

4  2009 WL 2136777, at * 18 (N.D. Cal. July 15, 2009); *Ricon v. Recontrust Co.*, 2009 WL 2407396,

5  at *4 (S.D. Cal. Aug. 4, 2009).  Thus, as a matter of law, Plaintiffs' RFDCPA claim fails.

6       As for the FFDCPA claim, "a plaintiff must allege that the debt is a debt collection within

7  the meaning of 15 U.S.C. § 1692a." *Gutierrez v. Wells Fargo Bank*, 2009 WL 322915, at *2 (N.D.

8  Cal. Feb. 9, 2009).  The statute is only applicable to consumer loans. 15 U.S.C. § 1692a. It is well

9  settled that residential loans are not considered "consumer loans" under the FFDCPA. *Lal v. Am.*

10 *Home Serv. Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); *Nool v. HomeQ Serv.*, 652 F.

11 Supp. 2d 1047, 1052-1053 (E.D. Cal. 2009); *Lai v. Quality Loan Serv. Corp.*, 2010 WL 3419179,

12 at *2 (C.D. Cal. Aug. 26, 2010).  Thus, as a matter of law, Plaintiffs' FDCPA claims fails.

13      For the reasons set forth above, Plaintiffs' Eighth Cause of Action for violation of the

14 Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act

15 should be dismissed without leave to amend.

16     **L.     Plaintiffs' Tenth Cause Of Action For Violation Of California Business And**

17          **Professions Code Section 17200 *et seq.* Fails**

18      Plaintiffs assert a cause of action for violation of California Business and Professions Code

19 Section 17200 *et seq.* ("UCL") premised on the theory that Defendants engaged in unlawful,

20 unfair, and fraudulent conduct. (Compl. ¶¶ 94-98).  However, Plaintiffs' UCL claim fails because

21 (1) Plaintiffs lack standing to assert a UCL claim, and (2) Plaintiffs do not allege facts with

22 reasonable particularity to maintain a UCL claim.

23          **1.     Plaintiffs Lack Standing To Assert A UCL Claim**

24      To have standing to pursue a UCL claim, Plaintiffs must allege that they "ha[ve] suffered

25 injury in fact and ha[ve] lost money or property" as a result of the alleged conduct. Cal. Bus. &

26 Prof. Code § 17204.  Otherwise, Plaintiffs' claim cannot withstand a demurrer. *Peterson v.*

27 *Celleco P'Ship*, 164 Cal. App. 4th 1582, 1590 (2008).  Here, Plaintiffs do not provide any factual

28 support that they have suffered any actual damage or loss of property.  Rather, Plaintiffs'

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  allegations of damage are merely conclusory and thus cannot support standing. (Compl. ¶¶ 100-

2  101).  For this reason alone, Plaintiffs' claim fails.

3  **2.      Plaintiffs Do Not Allege Facts With Reasonable Particularity**

4       For a UCL claim, a plaintiff "must allege with reasonable particularity the facts supporting

5  the statutory elements of the violation. *Khuory v. Maly's of California, Inc.*, 14 Cal. App. 4th 612,

6  619 (1993).  Here, Plaintiffs do not allege facts with reasonable particularity to maintain a UCL

7  claim under the unlawful, unfair, or fraudulent prongs.

8       Plaintiffs cannot assert a claim under the unlawful prong because a "violation of another

9  law is a predicate for stating a cause of action under UCL's unlawful prong." *Berryman v. Merit

10 Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007). Thus, a UCL claim stands or falls

11 depending on the fate of antecedent substantive causes of action. *Krantz v. BT Visual Images*, 89

12 Cal. App. 4th 164, 178 (2001).  As each of Plaintiffs' causes of action fail, they are precluded

13 from any relief under the UCL's unlawful prong.

14      Plaintiffs also do not provide any factual support to maintain a UCL claim under the unfair

15 prong.  Unfair conduct has been commonly defined as conduct that "offends an established public

16 policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to

17 consumers." *Scripps Clinic v. Sup. Ct.*, 108 Cal. App. 4th 917, 939 (2003).  Here, Plaintiffs' claim

18 is premised on allegations that Defendants lack authority to accept Loan payments and foreclose

19 on the Subject Property. (Compl. ¶ 96).  As set forth above, these allegations cannot support any

20 cause of action (*See supra* (IV)(C-D), let alone establish that Defendants engaged in any unfair

21 conduct under the UCL.

22      Plaintiffs also do not provide any factual support to maintain a UCL claim under the

23 fraudulent prong.  For the fraudulent prong, a plaintiff must show that reasonable consumers are

24 likely to be deceived by a defendant's conduct. *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144,

25 1166 (2000). Here, Plaintiffs' claim is based on conclusory allegations that Defendants lack

26 authority to accept Loan payments and foreclose on the Subject Property. (Compl. ¶ 96).

27 However, as set forth above, Plaintiffs' allegations cannot support any cause of action against

28 Defendants (*See supra* (IV)(C-D), let alone show that reasonable consumers are likely to be

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1   deceived by Defendants' alleged conduct.

2   Furthermore, under the fraudulent prong, a plaintiff must allege actual reliance. *In re*

3   *Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Plaintiffs do not provide any factual support that

4   they relied on any action, or failed to take any action, as a direct result of Defendants' alleged

5   conduct. Thus, Plaintiffs' allegations cannot support a UCL claim under the fraudulent prong.

6   For the reasons set forth above, Plaintiffs' Tenth Cause of Action for violation of

7   California Business and Professions Code Section 17200 should be dismissed without leave to

8   amend.

9   **M.   Plaintiffs' Eleventh Cause Of Action For Injunctive Relief Fails**

10   Plaintiffs assert a cause of action for injunctive relief.  As a preliminary matter, injunctive

11   relief is a remedy, not a cause of action. *Shell Oil Co.v. Richter*, 52 Cal. App. 2d 164, 168 (1942);

12   *Marlin v. AIMCO Venezia, LLC*, 154 Cal. App. 4th 154, 162 (2007); *Shamsian v. Atl. Richfield*

13   *Co.*, 107 Cal. App. 4th 967, 984-985 (2003).  For this reason alone, Plaintiffs' claim fails.

14   In any event, Plaintiffs fail to plead sufficient facts to warrant injunctive relief.  Under

15   California law, a successful prayer for injunctive relief requires Plaintiffs to plead: (1) irreparable

16   injury, (2) no adequate remedy at law, (3) a likelihood of success on the merits, and (4) the

17   balance of hardships favors an injunction. Cal. Civ. Proc. Code § 526(a).  The burden is on

18   Plaintiffs to demonstrate that they meet all necessary elements for injunctive relief. *O'Connell v.*

19   *Sup. Ct.*, 141 Cal. App. 4th 1452, 1481 (2006).

20   Here, Plaintiffs do not demonstrate that they are entitled to injunctive relief.  Plaintiffs do

21   not allege any facts to show that they have suffered any injury as a result of Defendants' conduct.

22   Nor do Plaintiffs demonstrate that they are likely to succeed on the merits as each of their causes

23   of action fail. (*See supra* (IV)(F-M, O).

24   For the reasons set forth above, Plaintiffs' Eleventh Cause of Action for injunctive relief

25   should be dismissed without leave to amend.

26   **N.   Plaintiffs' Twelfth Cause Of Action For Accounting Fails**

27   Plaintiffs assert a cause of action for accounting. (Compl. ¶ 106).  As a preliminary matter,

28   the right to an accounting is a remedy, not a cause of action. *Batt v. City and County of San*

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1    *Francisco*, 155 Cal. App. 4th 65, 82 (2007); *Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Ca;/

2    App. 4th 81, 95 (2000).  For this reason, Plaintiffs' claim fails.

3        Regardless, to be entitled to an accounting, a plaintiff must allege that (1) a fiduciary

4    relationships exists between the parties, or (2) if a fiduciary relationship does not exist, the

5    accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.

6    5 Witkin, Cal. Proc. (5th ed. 2008), Pleading § 819 at p. 236.  Furthermore, accounting is only

7    applicable to creditors. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) ("A cause of

8    action for an accounting requires a showing that a relationship exists between the plaintiff and

9    defendant that requires and that some balance is due to plaintiff that can only be ascertained by

10   accounting.").

11       Here, Plaintiffs do not provide any factual support that a fiduciary relationship exists

12   between them and Defendants. (*See* (IV)(I)).  Nor do Plaintiffs provide any factual support that

13   they are a creditor.  Even if Plaintiffs were entitled to an accounting, they fail to show that it is

14   necessary as it is apparent from the Complaint that Plaintiffs know the sum of the amounts owed

15   and any debits or credits can easily be determined by Plaintiffs' loan history. (*See* Compl. Exh. G).

16       Accordingly, Plaintiffs' Twelfth Cause of Action for accounting should be dismissed

17   without leave to amend.

18   **V.    <u>CONCLUSION</u>**

19       Plaintiffs' Complaint fails to state a claim upon which relief may be granted.  The facts and

20   the judicially noticeable documents make it clear that the deficiencies of Plaintiffs' Complaint

21   cannot be cured by amendment.  For the reasons set forth above, Defendants respectfully request

22   that the Court grant their Motion to Dismiss without leave to amend.

23

24

25

26

27

28

1  Dated:  May 2, 2013                    **BRYAN CAVE LLP**
                                          Daniel T. Rockey
2                                         Goli Mahdavi
                                          David Owens
3

4                                         By: /s/ David Owens
                                              David Owens
5                                         Attorneys for Defendants
                                          JPMORGAN CHASE BANK, N.A., for itself and as
6                                         successor by merger to Chase Home Finance, LLC,
                                          and CALIFORNIA RECONVEYANCE COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

133854.3                        15