UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LANINI AND KRISTA LANINI,<br><br>                     Plaintiffs,<br><br>         v.<br><br>JPMORGAN CHASE BANK, et al.,<br><br>                     Defendants. | No.  2:13-CV-00027 KJM EFB<br><br>ORDER |

Defendants JPMorgan Chase Bank and Chase Home Financing have filed a motion to dismiss the complaint. ECF No. 19. Plaintiffs have opposed the motion and defendants have replied. ECF Nos. 37, 38.  The court ordered the motion submitted without argument and now GRANTS the motion in part and DENIES it in part.

I.  BACKGROUND

On January 5, 2013, plaintiffs filed a complaint challenging the pending foreclosure of their home at 8770 Brockway Vista Avenue, Kings Beach, California.  They name as defendants JPMorgan Chase Bank ("Chase"), California Reconveyance Company ("CRC"), Chase Home Finance, LLC, Chase Fulfillment Services, and the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Washington Mutual Bank ("WaMu").  Complaint, ECF No. 1.

1    The complaint alleges that plaintiffs purchased the property in 1993 and refinanced it in 2002, 2004 and 2007 with Washington Mutual Bank. *Id*. ¶ 14. The loan was eventually sold to investors as a mortgage backed security. *Id*. ¶ 15.

In 2009, Chase notified plaintiffs it had acquired Washington Mutual and the note and deed of trust had been assigned to Chase. *Id*. ¶ 17. In September 2009, Chase wrote to plaintiffs, advising them they would be eligible for modification of their loan under the HAMP program. *Id*. ¶ 30. Plaintiffs applied for a HAMP modification. *Id*.

In early 2010, Chase offered plaintiffs a three month trial payment reduction, which plaintiffs accepted even though they were not in default. *Id*. ¶¶ 32-33. Chase appraised their property at 2.4 million dollars. *Id*. ¶ 31. Plaintiffs made all required payments during this three month period. *Id*. ¶ 34. At the end of the three month period, plaintiffs contacted Chase and were instructed to continue making the reduced payments, which they did. *Id*. ¶ 35.

In August 2010, Krista Lanini spoke with Rick Lee at Chase, who told her the file had been moved to the underwriting department in California and plaintiffs could expect to hear about the modification in September. *Id*. ¶ 36. On September 10, 2010, Mary Calvo of Chase informed plaintiffs the modification had been denied and they were now in arrears. *Id*. ¶ 37. Plaintiffs immediately contacted Rick Lee, who said they had never qualified for HAMP because the value of the property exceeded the guidelines limit of $750,000. *Id*. ¶ 38. He said plaintiffs would be required to resume payments in the original amount. *Id*. Plaintiffs paid the original monthly amount until July 2012, when Chase rejected their payment. *Id*.

The complaint is comprised of the following claims: (1) violation of the one action rule against Chase; (2) breach of contract against Chase; (3) breach of the implied covenant of good faith and fair dealing against all defendants; (4) negligence; (5) fraud; (6) slander of title; (7) negligent misrepresentation; (8) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, and the Rosenthal Fair Debt Collection Practices Act CAL. CIV.

/////

/////

/////

1  CODE § 1788, et seq.; (10) violation of California's Unfair Competition Law, CAL. BUS. & PROF.
2  CODE §§ 17200, et seq.;[1] (11) injunctive relief; and (12) accounting.
3     On January 22, 2013, the FDIC filed with the court a copy of a letter it wrote to
4  plaintiffs' counsel informing him that a claim must be filed with the FDIC before any court has
5  jurisdiction over it. ECF No. 12.
6     On February 22, 2013, the court adopted the parties' stipulation postponing the
7  foreclosure sale while this action was pending.  ECF No. 16.
8     On May 2, 2013, defendants filed the pending motion to dismiss.  ECF No. 19.
9     The parties continued the hearing on the motion several times in order to pursue
10 settlement.  ECF Nos. 24, 27, 31, 34.
11    On August 19, 2013, the court approved plaintiffs' request to dismiss the FDIC as
12 a defendant.  ECF No. 29.
13    On January 14, 2014, the court approved plaintiffs' request to dismiss CRC as a
14 defendant.  ECF No. 36.
15    In a joint status report filed January 16, 2014, the parties informed the court that
16 plaintiffs sold the property to a third party in September 2013 and Chase has been paid in full.
17 ECF No. 38 at 2.
18 II.  STANDARDS FOR A MOTION TO DISMISS
19    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to
20 dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may
21 dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged
22 under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
23 1990).
24    Although a complaint need contain only "a short and plain statement of the claim
25 showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a
26 motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to
27
28     [1] There is no ninth cause of action.

3

1   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
2   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include
3   something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or
4   "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id*.
5   (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to
6   dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to
7   draw on its judicial experience and common sense." Id. at 679.  Ultimately, the inquiry focuses
8   on the interplay between the factual allegations of the complaint and the dispositive issues of law
9   in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

10   In making this context-specific evaluation, this court must construe the complaint
11   in the light most favorable to the plaintiff and accept as true the factual allegations of the
12   complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal
13   conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) quoted
14   in *Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to
15   judicial notice" or to material attached to or incorporated by reference into the complaint.
16   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's
17   consideration of documents attached to a complaint or incorporated by reference or matter of
18   judicial notice will not convert a motion to dismiss into a motion for summary judgment.   *United*
19   *States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d
20   1480, 1484 (9th Cir. 1995); compare *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977,
21   980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to
22   dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).
23   III.  REQUEST FOR JUDICIAL NOTICE
24   Defendants ask the court to take judicial notice of a number of documents,
25   including the Purchase and Assumption Agreement ("PAA") dated September 25, 2008,
26   memorializing Chase's acquisition of WaMu, taken from the FDIC's website.  They also submit
27   the Notice of Default and Election to Sell the subject property and the Notice of Trustee's Sale
28   /////

4

1  recorded in Placer County as proper subjects of judicial notice. Request for Judicial Notice (RJN),
2  ECF No. 19-1.
3        Plaintiffs do not dispute that Chase acquired WaMu as shown by the PAA but
4  argue the court cannot resolve the question of what the PAA conveyed through judicial notice.
5  ECF No. 37 at 7, 8.
6        Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice
7  of an adjudicative fact which "must be one not subject to reasonable dispute in that it is either
8  (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources
9  whose accuracy cannot reasonably be questioned." It is the proponent's burden to show that the
10 facts contained in the documents are proper subjects of judicial notice. *Hurd v. Garcia*,
11 454 F. Supp. 2d 1032, 1054-55 (S.D. Cal. 2006).
12       Matters of public record are generally subject to judicial notice. *Akhtar v. Mesa*,
13 698 F.3d 1202, 1212 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.
14 2001). Because the documents recorded in Placer County are matters of public record, the court
15 takes judicial notice of the existence of these documents. *See Grant v. Aurora Loan Servs., Inc.*,
16 736 F. Supp. 2d 1257, 1264 (N.D. Cal. 2010) (taking judicial notice of records of county
17 recorder). The court declines to take judicial notice of the amount of the default listed in the
18 Notice, however, as plaintiffs challenge its accuracy. *Lee*, 250 F.3d at 690.
19       The PAA between the FDIC and Chase is properly subject to judicial notice, as it
20 "reflect[s] official acts of the executive branch of the United States . . ." and plaintiffs do not
21 dispute its accuracy. *Ferguson v. Wells Fargo Bank, N.A.*, No. CIV. 2:12–2944 WBS GGH, 2013
22 WL 504709, at *2 (E.D. Cal. Feb. 8, 2013). Plaintiffs do argue that "what defendant received
23 through that PAA" is in dispute; thus the court does not rely on the contents of the PAA for their
24 truth.
25       Without providing documentary support for their claim, plaintiffs assert
26 Washington Mutual Bank, F.A. changed its name to Washington Mutual Bank on April 4, 2005
27 and so became a dead bank, no longer able to contract in its prior name. Nevertheless,
28 Washington Mutual Bank, F.A. named itself as the lender in the deed of trust on the property at

issue in 2007, "2 ½ years after WASHINGTON MUTUAL BANK, F.A. ceased to exist." Pls.' Opp'n, ECF No. 37 at 8. In plaintiffs' view, Chase cannot foreclose because it claims the beneficiary of the loan is Washington Mutual Bank, F.A., a nonexistent entity.

Plaintiffs have cited nothing to support their claim that the bank's change of name means the bank itself ceased to exist. *Mut. Bldg. & Loan Ass'n of Long Beach v. Corum*, 220 Cal. 282, 292 (1934) ("A change in name does not affect the identity of a corporation . . . ."); *see also United States v. Abakporo*, No. S3 12 CR 340 (SAS), 2013 WL 6188260, at *8 (S.D.N.Y. Nov. 25, 2013) (rejecting a motion to dismiss because there was no evidence the change of name meant the bank ceased to dismiss or lost its FDIC status); *Haynes v. JPMorgan Chase Bank, N.A.*, No. 3:10–CV–11 (CDL), 2011 WL 2581956, at *5 (M.D. Ga. 2011), *aff'd,* 466 F. App'x. 763 (11th Cir. 2011) (unpublished) (rejecting argument similar to that made here and finding "the assignment was not invalid simply because it listed 'Washington Mutual Bank, FA' as the assignee rather than 'Washington Mutual Bank.'"). The court rejects any claim that the name change somehow precludes Chase's authority to foreclose.

IV. ANALYSIS

   A. Jurisdiction

In the complaint plaintiffs invoke this court's diversity jurisdiction, alleging the action is between citizens of different states and the amount in controversy exceeds $75,000. ECF No. 1 ¶ 1. They later identify defendant CRC as a California corporation. *Id*. ¶ 5. Defendants argue this court thus lacks jurisdiction because there is not complete diversity. Plaintiffs counter that CRC has been dismissed from the lawsuit, leaving only completely diverse parties in the action.

Even if plaintiffs' characterization of the basis for jurisdiction was incorrect when the complaint was filed, the complaint includes a claim that defendants' acts violated the FDCPA. This court has jurisdiction under 28 U.S.C. § 1331.

   B. One Action Rule (First Claim)

Plaintiffs allege they received an accounting from Chase identifying an overage of $6,345.99 in plaintiffs' impound account. They wrote demanding the funds be returned to them,

6

1  but Chase refused to release the money because of plaintiffs' alleged default. ECF No. 1
2  ¶¶ 41-45.

3  Defendants argue this claim fails because they did not bring an action to obtain a
4  judgment against plaintiffs.

5  Under section 726 of the California Code of Civil Procedure, a secured creditor
6  may bring only one lawsuit to enforce its security interest and its debt; the section also requires
7  the secured creditor to proceed against the security before enforcing the underlying debt.
8  *Nungaray v. Litton Loan Servicing*, 200 Cal. App. 4th 1499, 1505 (2011). The purpose is to
9  "(1) prevent[] a multiplicity of lawsuits against the debtor, and (2) requir[e] exhaustion of the
10 security interest before a resort to the debtor's unencumbered assets." *Sec. Pac. Nat'l Bank v.*
11 *Wozab*, 51 Cal. 3d 991, 1005 (1990). In *Wozab*, the California Supreme Court made clear that
12 under section 726, a bank could not take an unilateral setoff of funds in a depositor account
13 against a debt secured by real property without waiving the right to foreclose on the security. *Id*.
14 at 1000.

15 Plaintiffs have adequately alleged a violation of the "security first" aspect of the
16 One Action Rule. They have presented an escrow statement dated March 2012, showing Chase
17 was retaining the surplus because of the status of the account, and Chase has provided the Notice
18 of Default and Election to sell, showing that it did not elect to proceed against the security by
19 pursuing foreclosure until December 2012. *See* ECF Nos. 1-4, 19-1 at 56.

20     C. Breach of Contract (Second Claim)

21 Plaintiffs first allege defendants did not own the loan, note or deed of trust because
22 after origination and funding of the loan, it was sold as a mortgage backed security. ECF No. 1
23 ¶ 49. They do not, however, clearly tie this assertion to the breach of contract claim. Courts,
24 including this one, have routinely rejected the argument that securitization somehow alters the
25 beneficiary's standing to enforce the deed of trust. *See, e.g.*, *Robertson v. Citibank, N.A.*,
26 No. C 12–02996 JSW, 2013 WL 752491, at *3 (N.D. Cal. Feb. 27, 2013); *Wadhwa v. Aurora*
27 *Loan Servs., LLC.*,  Civ. No. S–11–1784 KJM KJN, 2011 WL 2681483, at *4 (E.D. Cal. July 8,
28 2011).

7

1  Plaintiffs rely on *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 (2013), in

2 which the court said a borrower

> may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which was formed under New York law) occurred after the trust's closing date. Transfers that violate the terms of the trust instrument are void under New York law, and borrowers have standing to challenge void assignments of their loans . . . .

*Id.* at 1083. However, another California Court of Appeal has rejected this position:

> As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.

*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 514-15 (2013). District courts in the Ninth Circuit have generally rejected *Glaski*, and sided with *Jenkins,* noting *Glaski* is a minority view. *See, e.g., Snell v. Deutsche Bank Nat'l Trust Co.*, No. 2:13–cv–02178 MCE DAD, 2014 WL 325147, at *4-5 (E.D. Cal. Jan. 29, 2014) (collecting cases). Unless the California Supreme Court or the Ninth Circuit embraces *Glaski*, this court declines to do so.

Plaintiffs also allege that if the note and deed of trust were properly assigned to defendants, the latter breached the terms of the note. They contend the note required defendants to apply plaintiff's payments properly, but defendants failed and refused to apply the payments accurately to the principal, causing a default. ECF No. 1 ¶¶ 50-53. Citing a California case, defendants allege plaintiffs have not pleaded the claim with sufficient specificity, as they have not identified how defendants misapplied the payments or what provisions of the note or deed of trust allegedly breached. ECF No. 19 at 13.

Under federal pleading standards, plaintiffs must provide a short and plain statement of the claim, "'not an exposition of his legal argument,'" sufficient to give defendant "'fair notice of the basis'" of plaintiffs' claims. *Rivera v. Peri & Sons Farms, Inc*., 735 F.3d 892, 899 (9th Cir. 2013), *pet. for cert. filed,* __ U.S. __, 82 U.S.L.W. (Feb. 6, 2014) (quoting *Skinner v. Switzer*, ___ U.S.___, 131 S. Ct. 1289, 1296 (2011) and *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *see Barocio v. Bank of America, N.A.*, No. C 11–5636 SBA, 2012 WL

1  3945535, at *9 (N.D. Cal. Sep. 10, 2012) (rejecting claim that plaintiff must plead breach of

2  contract claim with certain level of specificity).[2]

3  The elements of a breach of contract claim are (1) the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damage to plaintiff. *Gilliland v. Chase Home Fin., LLC*, No. 2:13–cv–02042 JAM–AC, 2014 WL 325318, at *3 (E.D. Cal. Jan. 29, 2014); *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Viewed in the light most favorable to plaintiffs, the complaint adequately states a claim for breach of contract. In 2007, they entered into a contract with WaMu, to purchase the property secured by the deed of trust on that property; the terms of the note required the payments to be applied properly to the note; the note and deed of trust were assigned to Chase; Chase accepted plaintiffs' payments, but failed to apply these payments to principal and interest due under the note; this failure or refusal caused a default of plaintiffs' obligations under the note; and plaintiffs have been damaged by the breach. This is sufficient for plaintiffs to proceed.

D.  Breach of the Implied Covenant of Good Faith and Fair Dealing (Third Claim)

Plaintiffs contend defendants did not act in good faith when they solicited plaintiffs to apply for a HAMP loan modification, knowing plaintiffs' property did not qualify and that the trial payments would put the loan in arrears. ECF No. 1 ¶¶ 57-62.

Defendants argue that plaintiffs have failed to identify any contract provision under which this claim is being brought and so the claim must fail; they also argue plaintiffs have not adequately pleaded that offering a trial plan violates any duty implied by the deed of trust. ECF No. 19 at 14.

---

[2] A number of district court cases have cited *Levy v. State Farm Mutual Auto Insurance Co*, 150 Cal. App. 4th 1 (2007), relied upon by defendants in this case, in support of their conclusion that "'[f]acts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.'" *See, e.g., Bergman v. Bank of Am.*, Case No.: C-13-00741 JCS, 2013 WL 5863057, at *15 (N.D. Cal. Oct 23, 2013) (quoting *Levy*); *Madlaing v. JPMorgan Chase Bank, N.A.*, No. CV F 12–2069 LJO SMS, 2013 WL 2403379, at *9 (E.D. Cal. May 31, 2013). Even when claims are based on state law, federal procedural rules govern the pleading standard. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (stating the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure apply to fraud claims based on state law); *Raymat Materials, Inc. v. A & C Catalysts, Inc.*, No. C 13–00567 WHA, 2013 WL 3662477 at *2 (N.D. Cal. July 12, 2013) (rejecting claim that state law pleading standards for breach of contract apply).

"It has long been recognized in California that '[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400 (2000) (quoting *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958)). This covenant is "'a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.'" *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1993) (quoting *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990)) (emphasis in original). Although the covenant must rest upon the existence of some specific contractual obligation, *Foley*, 47 Cal. 3d at 683-84, a breach of the implied covenant need not be based on a breach of a specific provision of the contract. *Carma Developers (Cal.), Inc. v. Marathon Dev. Ca., Inc.*, 2 Cal. 4th 342, 373 (1992); *see also Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937-38 (9th Cir. 1999).

Defendants argue that neither the note nor the deed of trust guarantee a loan modification. ECF No. 19 at 14. Plaintiffs are not arguing, however, that Chase's ultimate refusal to modify the loan breached the covenant. Rather, plaintiffs assert Chase's decision to offer the loan modification, knowing plaintiffs did not qualify for it, caused plaintiffs to make reduced payments and ultimately led to the default. Interpreted in the light most favorable to plaintiffs, this states a breach, as plaintiffs allege Chase's actions, undertaken to drive plaintiffs into foreclosure, injured plaintiffs' ability to own their home, the ultimate benefit of the agreement.

E.  Negligence (Fourth Claim)

Plaintiffs allege defendants, the lender and loan servicer, had a duty to exercise reasonable skill to maintain accurate loan records and to credit payments properly and they breached their duty of care by failing to credit payments, filing false documents, and foreclosing without the legal authority to do so. ECF No. 1 ¶¶ 65-67.

/////

1    Defendants counter they did not owe plaintiffs a duty of care, which is a
2 prerequisite to a negligence claim. ECF No. 19 at 14-15.
3    The elements of a negligence claim are "the existence of a legal duty of care,
4 breach of that duty, and proximate cause resulting in injury." *Castellon v. U.S. Bancorp*, 220 Cal.
5 App. 4th 994, 998 (2013). Under California law, there is no fiduciary relationship and so no duty
6 of care between a lender and a borrower when "the institution's involvement in the loan
7 transaction does not exceed the scope of its conventional role as mere lender of money."
8 *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991); *Rosal v. First*
9 *Fed. Bank of California*, 671 F. Supp. 2d 1111, 1129 (N.D. Cal. 2009). District courts in
10 California include loan servicers within this general rule. *See, e.g., Aguinaldo v. Ocwen Loan*
11 *Servicing, LLC*, No. 5:12-CV-01393 EJD, 2012 WL 3835080, at *9 (N.D. Cal. Sep.4, 2012);
12 *Lyons v. Bank of Am., N.A.*, No. 11-01232, 2011 WL 3607608, at *8 (N.D. Cal. Aug. 15, 2011).
13    Some courts recognize that the answer to the question is more nuanced: whether a
14 lender owes a duty of care to a borrower depends on a balancing of several factors, including the
15 extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm,
16 plaintiff's injury, the connection between the injury and defendant's conduct, moral blame
17 attaching to defendant's conduct, and the policy of preventing future harm. *Jolley v. Chase*
18 *Home Fin.*, 213 Cal. App. 4th 872, 901-02 (2013); *Newsom v. Countrywide Home Loans, Inc.*,
19 No. C 09–5288 SBA, 2010 WL 4939795, at *5 (N.D. Cal. Nov. 30, 2010); *see also Osei v.*
20 *Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1249-50 & n.2 (E.D. Cal. 2010) (stating the
21 test, but observing that it had not found "a single example of a case in which a lender was found
22 to owe a duty of care sounding in negligence to a borrower"). Generally, when the activities are
23 "'sufficiently entwined with money lending so as to be within the scope of typical money lending
24 activities,'" there is no duty of care. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App.
25 4th 49, 67 (2013) (quoting *Aspiras v. Wells Fargo Bank, N.A..*, 219 Cal. App. 4th 948, 952
26 (2013)).
27    In *McGarvey v. JP Morgan Chase Bank, N.A.*, this court applied *Nymark* and
28 found the plaintiff had adequately pleaded a negligence claim when she alleged the servicer of the

11

loan secured by the house plaintiff inherited from her mother continued to send her loan modification offers even after learning the mother, who was the original borrower, was deceased, but then ultimately rejected the loan modification solely because plaintiff was not listed as a borrower on the loan.  No. 2:13–cv–01099–KJM–EFB, 2013 WL 5597148, at *5-6.  This court said it was foreseeable that plaintiff would attempt to take advantage of the loan modification process and that she would be harmed by the servicer's processing delays and concluded that the servicer was not acting in its conventional role by offering plaintiff a modification that its own policies did not permit it to offer.  *Id*. at 7; *see also Rowland v. JPMorgan Chase Bank, N.A.*., No. C 14–00036 LB, 2014 WL 992005, at *8 (N.CD. Cal. Mar. 12, 2014) (collecting cases where courts have found a duty of care in connection with loan modification, among other things).

In this case, plaintiffs allege defendant has a duty of care accurately to apply their loan payments properly and to maintain accurate records.  These activities are "sufficiently entwined with money lending" so as not to give rise to a duty of care.  To the extent, however, that plaintiffs may be attempting to argue that defendants breached a duty of care by offering them a HAMP modification knowing plaintiffs did not qualify, this claim is dismissed with leave to amend.

F.  Fraud and Negligent Misrepresentation (Fifth and Seventh Claims)

Plaintiffs' fraud claim is based on several theories:  defendants falsely represented they were the holders of the note and deed of trust, based on a proper assignment; failed to credit payments properly; and encouraged plaintiffs to apply for a HAMP loan modification, knowing plaintiffs' loan did not meet the HAMP guidelines.  They also argue defendants concealed material facts about payments, notices, assignments, transfers, late fees and charges.  ECF No. 1 ¶¶ 69-71.  Their claim of negligent misrepresentation is more limited, but related to the fraud claim:  Chase told plaintiffs it was working to provide them with a loan modification and so plaintiffs need not make full mortgage payments while the modification was being processed, in violation of its duty to provide plaintiffs with accurate information about the status of the mortgage account; plaintiffs relied on these statements to their detriment.  *Id*. ¶¶ 81-84.

/////

Defendants argue plaintiffs have not satisfied the heightened pleading standards for these claims.

1. Fraud

Under Rule 9(b), a plaintiff who alleges fraud "must state with particularity the circumstances constituting the fraud," but may "aver[] generally" the state of mind animating the fraud. The pleading must "'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)); *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (internal quotation marks, citation omitted)); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (recognizing that "plaintiffs may aver scienter generally, just as the rule states–that is, simply by saying that scienter existed") (internal quotation marks and citation omitted). To avoid dismissal, the complaint must describe the time, place, and specific content of the false representations and identify the parties to the misrepresentations.

In California, a claim of fraud has five elements: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *Ali v. Humana, Inc.*, No. 12–cv–00509–AWI–GSA, 2012 WL 2376972, at *5 (E.D. Cal. June 22, 2012).

A claim of fraudulent concealment also has five elements: "'(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or

13

suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.'" *Moncada v. West Coast Quartz Corp.*, 221 Cal. App. 4th 768, 775 (2013) (quoting *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-13 (1992)); *Rodriguez v. United Airlines, Inc.*, ___ F. Supp. 2d ___, 2013 WL 6199275, at *3 (N.D. Cal. Nov. 27, 2013). The pleading standards of Rule 9(b) apply to claims of fraudulent concealment. *Myers-Armstrong v. Actavis Totowa, LLC*, 382 F. App'x 545, 547-48 (9th Cir. 2010) (unpublished).

First, as noted above, to the extent plaintiffs' claims are based on any allegations that Chase lacked the authority to foreclose either because of the securitization of the note or because of WaMu's name change, the allegations do not state a claim and are dismissed without leave to amend.

Second, defendants' argument that plaintiffs have not adequately pleaded a fraud claim based on the loan modification is well taken. Plaintiffs allege only generally they received a letter from Chase and then a communication from Chase offering them a loan modification and a three month trial payment reduction. ECF No. 1 ¶¶ 30, 32. Because plaintiffs have not identified the Chase employee who wrote the letter or the employee with whom they had the latter communication, this claim must be dismissed with leave to amend, if plaintiffs are able to amend consistent with Federal Rule of Civil Procedure 11.

Third, to the extent the claim of fraud is based on the concealment of information about payments and late fees, it does not identify anyone who concealed such information or when any concealments occurred. This claim must also be dismissed, again with leave to amend.

2. Negligent Misrepresentation

The elements for a claim of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance, (4) justifiable reliance by a party who was ignorant of the truth, and (5) damage stemming from the reliance on the representation. *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997); *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 402 (1989). Liability for negligent

14

1  misrepresentation must flow from an assertion of material fact, not from an implied
2  representation or nondisclosure.  *Yanase v. Auto Club of So. Cal.*, 212 Cal. App. 3d 468, 473
3  (1989).

4  There is a debate among courts in this Circuit whether to apply the Rule 9(b)
5  standard to claims of intentional and negligent misrepresentation, which in California are a
6  species of fraud.  *Meridian Project Systs., Inc. v. Hardin Constr. Co.*, 404 F. Supp. 2d 1214,
7  1219-20 (E.D. Cal. 2005); *Bily v. Arthur Young & Co.,* 3 Cal. 4th 370, 407 (1992) (negligent
8  misrepresentation is a species of the tort of deceit); *but see Petersen v. Allstate Idem. Co.*,
9  281 F.R.D. 413, 417-18 (C.D. Cal. 2012) (questioning whether the Rule 9(b) standard for fraud
10 applies to negligent misrepresentation).

11 Even if the Rule 9(b) standards do not apply to either of these claims, the claims
12 fail, as plaintiffs have not alleged Chase owed them a duty of care in making representations
13 about the loan modification.  And, as noted above, because Chase was acting in the traditional
14 role as a lender, it did not owe such a duty to plaintiffs.  *Plastino v. Wells Fargo Bank*, 873
15 F. Supp. 2d 1179, 1190 (N.D. Cal. 2012) ("As with any negligence claim, the tort of negligent
16 representation requires that Plaintiff allege a duty of care."); *Eddy v. Sharp*, 199 Cal. App. 3d
17 858, 864 (1988) ("As is true of negligence, responsibility for negligent misrepresentation rests
18 upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant
19 to an injured person.").  To the extent this claim is based on any misrepresentations concerning
20 plaintiffs' eligibility for a HAMP modification, however, it is dismissed with leave to amend.

21    G.  Slander of Title (Sixth Claim)

22 Plaintiffs allege that none of the foreclosing defendants was ever the trustee,
23 beneficiary or assignee of any beneficiary of the Deed of Trust and so they acted wrongfully by
24 causing the recording of the Notice of Default against the property at issue.  They also allege the
25 conduct was not privileged.  ECF No. 1 ¶¶ 76, 78.

26 Defendants argue this claim fails because plaintiffs' claim of falsity rests on their
27 argument about Chase's ownership of the note and argue also the suit is barred by California
28 /////

Civil Code §47(b), the so-called litigation privilege, unless the defendants acted with actual malice, which plaintiffs have not pled. ECF No. 19 at 17.

The elements of a claim for slander of title are "(1) a publication, which is (2) *without privilege* or justification, (3) false, and (4) causes pecuniary loss." *La Jolla Grp. II v. Bruce*, 211 Cal. App. 4th 461, 472 (2012) (emphasis in original). As defendants argue, under California Civil Code § 2924(d), the "performance of the procedures" connected with non-judicial foreclosure are privileged communications within the meaning of section 47. *See Rockridge Trust v. Wells Fargo, N.A.*, ___ F. Supp. 2d ___, 2013 WL 5428722, at *33 (N.D. Cal. Sep. 25, 2013). The privilege will not apply if the communication is made with actual malice, that is "the publication was motived by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiffs' rights." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008) (internal citation & quotation marks omitted).

Plaintiffs allege the recordation here was, in effect, false because Chase lacked authority to foreclose on the property. As noted above, this contention is not supported and so cannot support the claim for slander of title. *Rockridge*, 2013 WL 5428722, at *34 (rejecting a slander of title claim based on the theory that the defendant lacked the authority to foreclose and denying leave to amend). This claim is dismissed without leave to amend.

H. Debt Collection Claims (Eighth Claim)

Plaintiffs' debt collection claims rest first on their contention that Chase offered them a HAMP modification, assuring plaintiffs that the trial payments would be sufficient to comply with the amounts due under the note and that all loan payments would be accurately applied. ECF No. 1 ¶ 90. They also allege they notified defendants in writing to direct all communications to counsel, but defendants continued to contact them. *Id.* ¶ 91.

Defendants argue that plaintiffs have not identified the sections of either statutory scheme allegedly violated and, in any event, neither scheme applies to mortgages, but only to consumer loans. ECF No. 19 at 16-17. Defendants are correct.

1         Although the Ninth Circuit has not addressed the issue, most courts in this circuit
2    have found "'foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt
3    within the meaning of the FDCPA.'" *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199
4    (C.D. Cal. 2008) (quoting *Ines v. Countrywide Home Loans*, No. 08cv1267 WQH (NLS), 2008
5    WL 4791863, at *3 (S.D. Cal. Nov. 3, 2008)); *Castaneda v. Saxton Mortg. Servs., Inc.*,
6    687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009) (stating that foreclosure under a deed of trust does
7    not constitute debt collection under the RFDCPA); *see also Nool v. HomeQ Servicing*,
8    653 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2009) (stating a lender or loan services is not a debt
9    collector within the meaning of the FDCPA or the RFCPA unless the debt was in default at the
10   time it was acquired); *but see Horton v. California Credit Corp. Retirement Plan*, 835 F. Supp. 2d
11   879, 890 (S.D. Cal. 2011) (finding foreclosure to constitute "debt collection" under the FDCPA).
12   This claim is dismissed without leave to amend.

        I.  Unfair Competition Law (Tenth Claim)

        Plaintiffs allege defendants violated California's unfair competition statute by instituting improper foreclosure proceedings to generate fees; executing and recording false and misleading documents; violating the One Action Rule; demanding and accepting payments for non-existent debts; acting as beneficiaries and trustees without the legal authority to do so; failing to follow HAMP guidelines; and misrepresenting foreclosure status to borrowers. ECF No. 1 ¶ 96. They characterize these actions as fraudulent practices, likely to deceive. *Id*. ¶ 95.

        As with plaintiffs' other claims, the portions of this claim based on allegations that Chase did not have the authority to foreclose are dismissed without leave to amend and should not be included in any amended complaint.

        California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. An act violates the UCL if it is "unlawful," "unfair" or "fraudulent." *Rubio v. Capitol One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010), *cert. denied*, 131 St. 1817 (2011)/  Plaintiffs allege defendants' activities were fraudulent and unlawful, at least insofar as defendants violated the One Action Rule.

To assert a UCL claim, a plaintiff must have "'suffered injury in fact and . . . lost money or property as a result of the unfair competition.'" *Rubio*, 613 F.3d at 1203–04 (quoting CAL. BUS. & PROF. CODE § 17204 (alteration in original)). There must be a causal connection between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Id.* And when the UCL claim is based on fraud or deception, a plaintiff must allege and prove reliance. *In re Tobacco II Cases*, 46 Cal.4th 298, 328 (2009).

Plaintiffs do not address defendants' standing argument except to say they will be able to amend the complaint to allege a loss of money or property. ECF No. 37 at 14. They have, however, adequately shown standing for their "unlawful" UCL claim by alleging Chase refused to return the surplus in their escrow account.

The fraudulent prong of the UCL is "governed by the reasonable consumer test: a plaintiff may demonstrate a violation by show[ing] that [reasonable] members of the public are likely to be deceived." *Rubio,* 613 F.3d at 1204 (quotations and citations omitted; original alterations). Claims under this prong are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, reviewed above. *See* page 13 *supra*; *Kearns*, 567 F.3d at 1125. Plaintiffs have pleaded they relied on defendants' misunderstanding of the HAMP guidelines, but have not met Rule 9(b)'s pleading requirements for this claim. They will be given leave to amend their UCL claim, if they are able.

Plaintiffs have adequately pleaded that Chase's actions were unlawful, given their pleading of Chase's violation of the "security first" aspect of section 726. *See* page 7 *supra*; *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1999) (stating an action is unlawful under the UCL and independently actionable if it constitutes a violation of another law, "be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made").

J. Injunctive Relief (Eleventh Claim)

Plaintiffs agree that their sale of the property renders this claim moot.

K. Accounting (Twelfth Claim)

Plaintiffs allege the amount of money they owe defendants is unknown and cannot be determined without a complete accounting. ECF No. 1 ¶ 106.

Defendants argue that accounting is a remedy, not a claim, and is available only to creditors.  ECF No. 19 at 20-21.

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (citing *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934)); *Canales v. Fed. Home Loan Mortg. Corp.*, No. CV 11–2819 PSG (VBKx), 2011 WL 3320478, at *8 (C.D. Cal. Aug. 1, 2011) (describing elements of equitable claim for accounting).  As plaintiffs do not allege any sum is due to them, this claim is dismissed without leave to amend.

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss is denied as to plaintiffs' claims alleging violation of the One Action Rule, breach of contract and breach of the implied covenant of good faith and fair dealing, and violation of the UCL stemming from the violation of the One Action Rule.

2. Defendants' motion to dismiss is granted as to the following claims, with plaintiffs given leave to amend these claims: negligence, negligent misrepresentation, fraud and violation of the UCL based on fraud.

3. Defendants' motion to dismiss is granted as to the following claims without leave to amend:   slander of title, debt collection, injunctive relief and accounting.

DATED:  April 3, 2014.

_____
UNITED STATES DISTRICT JUDGE