**BRYAN CAVE LLP**
Daniel Rockey, California Bar Number 178604
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 675-3400
Facsimile:    (415) 675-3434
E-Mail:        daniel.rockey@bryancave.com

Sharon K. Brown, California Bar Number 176706
120 Broadway, Suite 300
Santa Monica, CA  94105
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200
Email:         browns@bryancave.com

Attorneys for Defendants

JPMORGAN CHASE BANK, N.A., for itself and as successor by merger to Chase Home Finance LLC

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO BRANCH

| | |
|---|---|
| Jeffrey Lanini and Krista Lanini<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE, NATIONAL ASSOCIATION,; CHASE HOME FINANCE, LLC; CHASE FULFILLMENT SERVICES,<br><br>Defendants. | Case No. 2:13-CV-00027-KJM-JFM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed:   January 5, 2013<br>Trial Date:           August 8, 2016 |

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs JEFFREY LANINI and KRISTA LANINI (collectively, "Plaintiffs") and Defendant JPMORGAN CHASE BANK, N.A., for itself and as successor by merger to Chase Home Finance LLC ("Chase"), through their counsel, that all documents and information produced in this action that are designated as "Confidential Materials" as defined in the Stipulated Protective Order and that are disclosed in discovery responses, depositions or by other means in this action, shall be used only for purposes of this action, and shall be kept confidential and shall not be published, used or made available for any other purpose.

Plaintiffs and Chase through their counsel of record, do hereby agree and stipulate with respect to the following facts:

A.  During this litigation, non-parties may be subpoenaed and parties may be requested to provide documents and testimony which non-parties or parties consider to be confidential or highly sensitive business information or trade secrets, or private financial or other highly personal information, the public disclosure of which may prejudice the competitive interests of businesses or unduly invade the privacy interests of individuals.

**NOW, THEREFORE it is hereby stipulated:**

1.  "Confidential Materials" subject to protection under this Order shall be the documents, information and testimony designated by parties or non-parties as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with paragraphs 2, 3 and 5 of this Order.  The types of materials that may be so designated include, but are not limited to:

   (a) Loan documents or account information related to 8770 Brockway Vista Avenue, Kings Beach, California 96148 that are not otherwise publicly available;

   (b) Certain documents, electronically stored information ("ESI"),

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, California 94105

and other things produced or otherwise disclosed, including all copies thereof that are not otherwise publicly available;

(c) Certain interrogatory answers, discovery responses, affidavits, or other appendices or exhibits thereto, served or produced in this action, including all copies thereof; and

(d) Certain testimony given in this action by any person at deposition, including all transcript copies thereof.

2. Confidential Materials in documentary form shall be designated by writing or stamping "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the documents. Confidential Materials in ESI form shall be designated by either (a) electronically flagging them in an agreed field if such documents are produced in a litigation database format (and electronically watermarking them if the database software permits), or (b) designating them by individual bates-number in a separate letter or spreadsheet. If original documents or ESI are made available for inspection, the originals of Confidential Materials need not be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," but the copies of the originals that the inspecting party selected to be provided to the inspecting party shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." In the event that the producing party inadvertently fails to designate a document or ESI as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to its production, the producing party may subsequently make such designation by notifying the other parties in writing as soon as practicable. Upon receiving such written notice, the other parties shall place the appropriate "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation on the document or ESI and shall treat it as subject to this Order.

3. Confidential Materials in the form of testimony shall be so designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by counsel (or pro se Plaintiff) on the record prior to the time that the deposition is adjourned, or in

writing within thirty (30) days after counsel's (or pro se Plaintiff's) receipt of the transcript of the deposition.

4. Confidential Materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be given, shown, made available, communicated, or disclosed by anyone other than the person or entity producing the Confidential Materials to persons or entities other than:

   (a) The attorneys of record in this action, the associated attorneys at their firms, their staff members working on the action, and inside counsel;

   (b) The named parties to this action, including their officers and employees;

   (c) The Court, in accordance with paragraphs 7 of this Order;

   (d) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

   (e) Third-party reprographic service providers retained to facilitate production of documents for discovery, reproduction of pleadings for service and filing in this action, or for preparation of exhibits for trial, provided however that a confidentiality agreement providing the same or broader protection as this Order exists between the parties, or the third-party reads a copy of this Order and agrees in writing to abide by it, by executing a copy of the Agreement that is Exhibit A to this Order;

   (f) For deposition witnesses designated pursuant to Federal Rules of Civil Procedure Rule 30(b)(6), Confidential Materials that were produced by the organization or entity by which the witness has been designated, and that concern the subjects for which the witness has been designated;

   (g) Deposition witnesses who produced, created, or received the

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, California 94105

                Confidential Materials that are shown to such witness;

(h)    Other deposition witnesses, but only if counsel (or pro se Plaintiffs) believe that it is necessary to show Confidential Materials to such a witness, and only on the condition that before any such witness is shown or receives any Confidential Materials, s/he must read a copy of this Order and agree in writing to abide by it, by executing a copy of the Agreement that is Exhibit A to this Order;

(i)    Independent consultants and/or experts retained by a party to work on the action, provided, however, that before any such consultant or expert is shown or receives any Confidential Materials, s/he must read a copy of this Order and agree in writing to abide by it, by executing a copy of the Agreement that is Exhibit A to this Order; and

(j)    Such persons as the undersigned counsel shall mutually consent to in writing prior to the proposed disclosure.

5.    The parties agree to use the designation of confidentiality judiciously and in good faith. If after receipt of a production of documents a receiving party determines that a document or ESI contains that party's Confidential information but has not been so designated by the producing party, the receiving party may subsequently make such designation by notifying the other parties in writing as soon as practicable. Upon receiving such written notice, the other parties shall place the appropriate "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation on the document or ESI and shall treat it as subject to this Order.

6.    If a party disputes the designation of confidentiality made pursuant to the provisions set forth herein, the party may request a release of confidentiality from the designating party. If confidentiality is not released in writing within ten days, the receiving party may apply to the Court pursuant to paragraph 14 for an

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, California 94105

1  order releasing confidentiality.

2  ~~7.      If a party files or lodges with the Court any Confidential Materials that~~
3  ~~reveal or contain the Confidential information of any party, the documents shall be~~
4  ~~filed in accordance with Civil Local Rule 141, in sealed envelopes that set out the~~
5  ~~information required by Civil Local Rule 141, shall prominently display the notation~~
6  ~~"DOCUMENT SUBMITTED UNDER SEAL," and shall contain a statement that~~
7  ~~the contents are subject to the terms of this Protective Order.  To the extent that a~~
8  ~~conflict exists between the procedures for filing or lodging sealed records set forth~~
9  ~~in Local Rule 141 and this Order, the Local Rules shall govern.~~

10          **This protective order does not entitled the parties to file confidential**
11  **information under seal.  Local Rule 141 sets forth the procedures that must be**
12  **followed and the standard that will be applied when a party seeks permission from**
13  **the court to file material under seal.**

14      8.      Confidential Materials shall be used solely for the preparation, trial,
15  appeal, and/or settlement of this action, and shall not be communicated or used for
16  any other purpose whatsoever.  Furthermore, no person or entity shall give, disclose,
17  make available, or communicate Confidential Materials to any person or entity not
18  expressly authorized by this Order to receive such Confidential Materials.  A party's
19  use for any purpose of his/her/its own documents and other information which the
20  party produces or discloses in this action shall not be considered a violation of this
21  Order.

22      9.      Where only a portion of a document or deposition transcript contains
23  Confidential material, the discovering party shall cooperate to the extent reasonable
24  and practical to segregate the Confidential portion in a separate document or
25  transcript.  Any deposition testimony that is to be deemed Confidential must be
26  designated as such, in writing, no more than 15 days after receipt of the deposition
27  transcript.

28      10.     Counsel for any party may exclude from the room during a deposition

or request that the Court exclude from the room during a hearing, trial or other proceeding, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Materials.  Confidential Materials shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order.

11.     Any court reporter or transcriber who reports or transcribes testimony in this action that is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall agree that such testimony is and shall remain confidential, that such testimony shall not be disclosed by such reporter or transcriber except to counsel and any other persons who are present while such testimony is being given, and that any transcript, reporter's notes or any other transcription records shall be held in absolute confidentiality and safekeeping by such reporter or transcriber.  Notwithstanding anything to the contrary, paragraph 11 does not apply to the reporting of proceedings before the Court.

12.     Nothing herein shall prevent disclosure beyond the terms of this Order if the parties consent to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

13.     Within 60 days after the final termination of the action, including all appeals, all Confidential Materials, all copies of the same, and all excerpts therefrom, shall be returned to the producing party, or destroyed by the receiving party; provided, however, that counsel for the parties may retain for their files a copy of any pleadings, memoranda, affidavits, orders, transcripts, discovery responses, and work product containing or reflecting Confidential Materials.  If a receiving party elects to destroy Confidential Materials as provided in this paragraph rather than return them to the producing party, the receiving party shall certify that fact in a writing that is served upon the producing party within the 60-day time period.

14.     This Order is without prejudice to the rights of any party to seek

modification of its provisions, or different or additional protections for specific materials, upon motion duly noticed and served.  Upon motion duly noticed and served, any party may seek judicial review of any designation made pursuant to paragraphs 2, 3 or 5, above.  Upon such a motion, it shall be the burden of the party making the designation to show that the Confidential Material at issue was properly designated.

15. The Court retains jurisdiction to enforce the provisions of this Order and to make such modifications and additions to this Order as the Court may from time to time deem appropriate.

16. Any party may move the Court to alter or enlarge this order.

**IT IS SO STIPULATED.**

Dated:  __January 27, 2016        **BRYAN CAVE LLP**
_____            Daniel Rockey
                                  Sharon K. Brown

                                  By:  *Sharon K. Brown*
                                       Sharon K. Brown
                                  Attorneys for Defendant
                                  JPMORGAN CHASE BANK, N.A.

Dated:  _____    **LAW OFFICE OF GILBERT E. MAINES**
                                  Gilbert E. Maines

                                  By:  signature on original
                                       Gilbert E. Maines
                                  Attorneys for Plaintiffs
                                  JEFFREY LANINI AND KRISTA LANINI

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [_____, 2015] in the case of *Jeffrey Lanini v. JPMorgan Chase Bank, National Association et al.*, Case No. 32:13-cv-00027-KJM-JFM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:
_____

Printed name: _____
              [printed name]

Signature:  _____
              [signature]

1

Bryan Cave LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105

C022167/0322255/1118191.1\0347502.2

**BRYAN CAVE LLP**
Daniel Rockey, California Bar No. 178604
Thomas S. Lee, California Bar. No. 275706
560 Mission Street, 25th Floor
San Francisco, CA  94105
Telephone:      (415) 675-3400
Facsimile:       (415) 675-3434
Email:             daniel.rockey@bryancave.com
                      tom.lee@bryancave.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., for itself and as successor by merger to Chase Home Finance LLC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO BRANCH

| | |
|---|---|
| Jeffrey Lanini and Krista Lanini,<br><br>           Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORPORATION; CHASE HOME FINANCE, LLC; CHASE FULFILLMENT SERVICES, FEDERAL DEPOSIT INSURANCE CORPORATION, A FEDERAL CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK<br><br>           Defendants. | Case No. 2:13-CV-00027-KJM-JFM<br><br>**[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>Complaint Filed: January 5, 2013<br>Trial Date:         November 7, 2016 |

1

1 **[PROPOSED] ORDER**

2 Having read and considered the Joint Stipulation for Protective Order between Plaintiffs Jeffrey Lanini and Krista Lanini and Defendant JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance LLC, filed on January 28, 2016 (ECF No. 71), the Court hereby rules as follows:

**IT IS SO ORDERED.**

DATED: April 26, 2016

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE