UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LANINI and KRISTA LANINI, | No. 2:13-cv-00027-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

On January 12, 2016, the court issued a scheduling order in this case, setting the following dates:

- Completion of fact discovery: March 14, 2016
- Disclosure of expert witnesses due: February 3, 2016
- Supplemental expert disclosures due: April 4, 2016
- Completion of expert discovery: May 9, 2016
- Last date for the hearing of dispositive motions: June 17, 2016
- Joint pretrial conference statement due: September 2, 2016
- Final pretrial conference: September 23, 2016
- Trial briefs due: October 24, 2016
- Jury trial: November 7, 2016

*See* Minute Order, ECF No. 70.  No party filed a dispositive motion, and no hearing went forward before June 17, 2016.  Noting the absence of any dispositive motion, the court issued a minute order advancing the final pretrial conference to July 29, 2016, with a joint pretrial statement due July 8, 2016.  ECF No. 76.

On June 24, 2016, the parties filed a stipulation and proposed order.  ECF No. 77.  They explained that on June 21, 2016, after the cutoff for hearing of dispositive motions, the parties attended private mediation before the Honorable David A. Garcia (Ret.), but could not reach an agreement to settle the case.  *Id.* at 2.  They request that the court now modify the scheduling order as follows:

- Completion of fact discovery: July 22, 2016
- Disclosure of expert witnesses due: July 22, 2016
- Supplemental expert disclosures due: August 19, 2016
- Completion of expert discovery: September 16, 2016

They also request that the balance of the dates be continued ninety days, while saying that this can be done without moving the November 2016 trial date previously set.  *Id.* at 2–3.  The latter part of their request appears to the court to reflect a miscalculation, at best, of the ninety day continuances requested.

A scheduling order may only be changed with the court's consent.  Fed. R. Civ. P. 16(b)(4).  When litigants request changes to a scheduling order, the court's inquiry focuses on their diligent efforts to comply.  *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  On occasion, courts in this district have looked to a more detailed three-part test: a movant may establish good cause by showing (1) it diligently assisted with creation of the Rule 16 order, (2) circumstances beyond its control and anticipation prevented compliance with the order, and (3) after it became apparent a new schedule was needed, the party promptly sought relief.  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

The court's own original scheduling order included the following cautionary note:

> The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of

2

> good cause. Agreement by the parties pursuant to stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

Order Nov. 5, 2014, at 9, ECF No. 60.

Diligent attempts to settle a case, although laudable, do not relieve litigants of their obligation to keep up with a pretrial scheduling order's dates and deadlines. Parties who forego motion practice and discovery entirely while negotiating settlement are not diligent. Settlement negotiations are not circumstances beyond a litigant's control. And here, the parties made no filings as the last dates for hearing of discovery and dispositive motions came and went, making their request only now, requesting reopening of dates that have passed, in some cases months ago.

The parties' proposed schedule is neither justified nor feasible. Their request is DENIED. On the court's own motion, the due date for the parties' final pretrial conference statement is POSTPONED one week to **July 15, 2016**. All other dates remain as set by the court in January 2016 and to the extent modified in the June 20, 2016 Minute Order.

IT IS SO ORDERED.

DATED: June 28, 2016.

_____
UNITED STATES DISTRICT JUDGE