UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LANINI, et al., | No. 2:13-cv-00027-KJM-EFB |
| Plaintiffs, | ORDER |
| v. | |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendants. | |

Plaintiffs Jeffrey and Krista Lanini move for relief from this court's previous order, which denied the parties' stipulated request to continue pretrial dates and deadlines. The motion is denied.

The Laninis request relief under Federal Rule of Civil Procedure 60(b), which allows relief "from a final judgment, order, or proceeding." The orders from which they seek relief were not final, but rather mid-case scheduling orders. "Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final decisions . . . ." *Meas v. City & Cty. of San Francisco*, 681 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010) (citing, *inter alia*, *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000)).

Nevertheless, as long as a district court has jurisdiction over a case, it has inherent authority to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be

1

sufficient." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation, quotation marks, and emphasis omitted). In addition, Rule 54(b) of the Federal Rules of Civil Procedure authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Reconsideration along these avenues is appropriate when necessary to correct clear error or prevent manifest injustice, if new evidence became available, or if controlling law changed in the meantime. *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah Cty. v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A litigant who requests reconsideration must explain "facts or law of a strongly convincing nature" before relief may be awarded. *Knight v. Rios*, No. 09-00823, 2010 WL 5200906, at *2 (E.D. Cal. Dec. 15, 2010).

Here, the Laninis ask the court to reconsider its decision not to allow more time for the disclosure of expert witnesses. Mot. Relief, ECF No. 81. Counsel explains that he thought the deadline for the disclosure of expert witnesses could be extended by agreement and without the court's permission during private mediation. *See id.* at 3–4 (citing Fed. R. Civ. P. 26(a)(2)(D)). The Rule he relies on provides otherwise: "A party must make [expert witness disclosures] at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). So does this court's scheduling order: "[T]he Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone does not constitute good cause." Order Nov. 5, 2014, at 9, ECF No. 60.

Deadlines must be enforced if they are to be effective at all. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Legault v. Zambrano*, 105 F.3d 24, 28–29 (1st Cir. 1997). Quiescence in reliance on a misinterpretation of the Federal Rules and this court's orders is not "good cause" for an extension of time, and the court will not reconsider its decision on that basis. Nor will manifest injustice be the result of holding the parties to those deadlines.

The scheduling order issued in this case set deadlines for the disclosure of expert witnesses. Order Nov. 5, 2014, at 2–3. Twice those deadlines were extended. *See* Minute Orders, ECF Nos. 67, 70. The court warned the parties that missing these deadlines would in all likelihood prevent expert witnesses from testifying at trial. Order Nov. 5, 2014, at 9.

The motion is DENIED. This order resolves ECF No. 81.

IT IS SO ORDERED.

DATED: July 29, 2016

_____
UNITED STATES DISTRICT JUDGE